IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS ADAMCHIK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:10-cv-949 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| COMPSERVICES, INC., | ) | ELECTRONICALLY FILED |
| | ) | |
| Defendant. | ) | |

## BRIEF IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS

Defendant CompServices, Inc. ("CSI" or "Defendant") by and through its attorneys, Buchanan Ingersoll & Rooney PC, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiff's causes of action for "Interference with Plaintiff's Unemployment Benefits" (Amended Complaint, ¶¶ 99-112) and "Interference with Plaintiff's Administrative Remedies under the ADA" (Amended Complaint, ¶¶ 113-28).  In support of this motion, Defendant states as follows:

## I.      FACTUAL ALLEGATIONS

Adamchik worked as a Senior Claims Adjustor for CSI from October 5, 2005 through July 1, 2009 when he was terminated for performance reasons.  (Amended Complaint, ¶ 14). Adamchik's primary client was the Commonwealth of Pennsylvania.  (Id.).  Adamchik was terminated after the client requested that he be removed from the account.  (Ex. 1).

After Adamchik was terminated, he filed a claim for unemployment compensation, which CSI contested.  (Amended Complaint, ¶¶ 99-100).  The unemployment compensation office initially denied the claim.  (Amended Complaint, ¶ 107).  Adamchik appealed the decision, and

the referee reversed the earlier determination and awarded Adamchik unemployment compensation benefits.  (Amended Complaint, ¶ 110).

In addition, after he was terminated, Adamchik filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC").  (Amended Complaint, ¶ 113).  In response to Adamchik's charge of discrimination, CSI filed a position statement, denying the allegations in the charge of discrimination, and setting forth its reasons as to why it had terminated Adamchik's employment, as it is required by law to do.  (Amended Complaint, ¶ 114).  Because Adamchik relies on the position statement in asserting his claim, a copy of the position statement is attached as Exhibit 1.[1]  (As the Court will see, CSI did not attack Adamchik in the position statement, but explained its reasons for terminating Adamchik and summarized his overall job performance.)  At Adamchik's request, the EEOC issued a right to sue on April 26, 2010, and did not issue any finding of cause or no cause.  (Amended Complaint, ¶ 13).

Adamchik claims he was terminated in violation of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA") because of his alleged kidney disease.  Adamchik also contends CSI retaliated against him in violation of the ADA because CSI interfered with Plaintiff's employment benefits (Amended Complaint, ¶¶ 99-112), and interfered with Plaintiff's administrative remedies under the ADA.  (Amended Complaint, ¶¶ 113-28).  Because no such causes of action exist, Defendant respectfully requests that the claims for "interference with employment benefits" and for "interference with administrative remedies" be dismissed.

---

[1] The Third Circuit Court of Appeals has recognized that, "[A]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."  Angstadt v. Midd-West School Dist., 277 F.3d 338, 342 (3d Cir. 2004), quoting U.S. Express Lines, LTD. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).

## II.   ARGUMENT

**A.     Plaintiff's Interference with Unemployment Benefits Claim Must be Dismissed.**

Adamchik contends that when CSI contested his claim for unemployment benefits, CSI unlawfully retaliated against him.  This claim has no merit whatsoever because, first, it is an employer's statutory right to contest a former employee's claim for unemployment compensation. Second, CSI's decision to contest the unemployment compensation claim did not impact any future employment rights, so there could be no retaliation.  Third, there was no legal injury in that Adamchik received the unemployment compensation benefits.   (Amended Complaint, ¶ 110).   For these reasons, Defendant respectfully requests that the interference with unemployment benefits claim must be dismissed.

First, Plaintiff's retaliation argument is well beyond the bounds of any claim anticipated by either the ADA or the unemployment compensation statutes.   To suggest that CSI's determination to do what by law it is required to do -- respond to a former employee's claim for unemployment compensation and contest the claim when it believes unemployment should not be awarded -- is frivolous.  An employer has a "statutory right to challenge a former employee's request for unemployment benefits."  Helfrich v. Lehigh Valley Hospital, No. Civ. A. 03-CV-05793, 2005 WL 670299, * 20 (E.D. Pa. March 18, 2005).  If Adamchik's argument is accepted, every former employee will be able to claim retaliation when its former employer challenges an employee's claim for unemployment compensation.  No such expansion of rights is recognized anywhere in the ADA or the unemployment compensation statutes.

Indeed, Plaintiff's argument that contesting a claim of unemployment benefits could be asserted as a retaliation claim was specifically raised, and summarily rejected, by the Third Circuit Court of Appeals in Glanzman v. Metropolitan Management Corporation, 391 F.3d 506

(3d Cir. 2004).   In <u>Glanzman</u>, the plaintiff claimed her employer retaliated against her by contesting her right to receive unemployment compensation benefits because she cited discrimination as the cause of her termination.   In rejecting the claim, the Third Circuit Court of Appeals reasoned in order to establish retaliation, a plaintiff must show the following:  (1) she was engaged in protected activity; (2) the employer took an adverse employment action after or contemporaneous with the employee's protected activity; and (3) a causal link existed between the employee's protected activity and the employer's adverse action.   <u>Id.</u> at 515.   The Third Circuit noted the second prong could not be met because the plaintiff could not suffer an adverse employment action <u>after</u> she filed for unemployment benefits because she had already been terminated.   Further, the Third Circuit reasoned that the plaintiff could suffer no harm from the alleged retaliatory conduct because she received unemployment benefits.   In affirming the lower court's grant of summary judgment, the Third Circuit held, "Glanzman's retaliation argument fails because she was not employed by Metropolitan at the time of the alleged retaliation and she suffered no legal injury because of the alleged retaliation."   <u>Id.</u> at 516.

Likewise, in <u>Valentino v. Glade Run Lutheran Services</u>, No. Civ. A. 04-1278, 2005 WL 2266185 (W.D. Pa. Sept. 13, 2005), Judge Lancaster granted the employer's motion to dismiss plaintiff's claim that the defendant had unlawfully retaliated against her by appealing her claim for unemployment compensation benefits.   As the court did in <u>Glanzman</u>, Judge Lancaster found that the second element of the prima facie case for retaliation could not be met because the plaintiff could not suffer an adverse employment action after her employment had already been terminated.   As in <u>Glanzman</u>, Judge Lancaster dismissed the retaliation claim.

Similarly, in <u>Helfrich</u>, 2005 WL 670299, the plaintiff claimed that her former employer retaliated against her when it challenged her claim for unemployment compensation.   In

dismissing the retaliation claim, the court found <u>Glanzman</u> dispositive.  The court reasoned that there could be no retaliation because Helfrich was not employed by the hospital at the time of the termination, and had suffered no legal injury because Helfrich was successful in receiving unemployment benefits.  As the court explained, "[W]ith regard to an unemployment compensation challenge, where the filing party is successful, since there is no resulting legal injury, and there is no possible future economic harm, no retaliation can be found." <u>Id.</u> at *22.

In <u>Helfrich</u>, the court distinguished <u>Robinson v. Shell Oil Co.</u>, 519 U.S. 337 (1997), in which the Supreme Court held that former employees were covered by Title VII's anti-retaliation provisions.  In <u>Robinson</u>, the employer gave its former employee a negative employment reference.  The court explained that <u>Glanzman</u> was easily distinguishable from <u>Robinson</u> because "with regard to an unemployment compensation challenge, where the filing party is successful, since there is no resulting legal injury, and there is no possible future economic harm, no retaliation can be found." <u>Helfrich</u>, 2005 WL 670299 at * 22.

In the instant matter, Adamchik not only was not employed at the time CSI contested his unemployment compensation claim, but he also suffered no legal injury because he was awarded unemployment compensation benefits.  Accordingly, as in <u>Glanzman</u>, <u>Valentino</u> and <u>Helfrich</u>, Adamchik's claims must be dismissed.

The courts have consistently dismissed claims where a former employer contends his former employer retaliated against him or her by contesting the former employee's request for unemployment compensation benefits.  For example, in <u>Jamison v. Campbell Chain Cooper Tool</u>, 2008 WL 857526 (M.D. Pa. 2008), the court granted Defendant's Rule 12(b)(6) motion on

plaintiff's claim that her former employer retaliated against her by opposing her unemployment compensation claim.  In so finding, the court reasoned as follows:

> Obviously, Campbell Chain's acts prior to the filing of Jamison's unemployment claim cannot qualify as an adverse employment action performed in response to the filing of the claim. Campbell Chain's opposition to the claim also cannot constitute an adverse action affecting Jamison's employment because she was no longer employed at the time it was submitted.  Hence, it is logically impossible that Jamison's request for unemployment benefits had any adverse effect on her employment, and the motion to dismiss the retaliation claim will be granted.

Id. at * 3.  See also Brenner v. Harleysville Ins. Cos., No. Civ. A. 01-08, 2002 WL 31185758, at *10 (E.D. Pa. Sept. 30, 2002)(noting the futility of a retaliation claim that relies exclusively on an employer's post-discharge activity).

As the courts did in Glanzman, Valentino, Helfrich, and Jamison, this court should dismiss Plaintiff's claim that CSI retaliated against him by contesting his unemployment compensation claim.  It was the employer's statutory right to contest Adamchik's claim for unemployment compensation benefits, and like the plaintiffs in Glanzman and Helfrich, Adamchik suffered no legal injury because he successfully obtained unemployment benefits.  If this cause of action is recognized, every former employee will have a claim against his former employer if the employer contests the employee's claim for unemployment compensation benefits.   Such an expansion of rights is not reflected anywhere in the unemployment compensation statute or the ADA.   Accordingly, Defendant respectfully requests that Adamchik's retaliation claim regarding the unemployment benefits be dismissed.

**B.     Adamchik's Claim that Defendant Interfered with his Administrative Remedies Must be Dismissed.**

Adamchik contends that CSI retaliated against him by preparing a position statement and defending Adamchik's claims that CSI had terminated him because of his disability.  (Amended

Complaint, ¶ ¶ 113 - 28).  Because Defendant has the right and legal obligation to defend itself against Adamchik's claims that CSI discriminated against him, this claim must be dismissed.

As part of its investigation into the charge of discrimination, the EEOC will request a position statement, with supporting documents, in order to obtain the employer's side of the story.  1 EEOC Compl. Man. (BNA) § 3.4(b)(2).  (As the Court well knows, the EEOC's Compliance Manual instructs EEOC staff and the public on the practices and procedure that the EEOC utilizes in handling and processing charges, and on various interpretations that the EEOC gives to the provisions of the statutes that it enforces.)  Part of the EEOC's investigation involves requesting a position statement.  It is inconceivable how providing the EEOC with requested information could constitute retaliation.  Adamchik may disagree with CSI's version of the facts, but CSI certainly disagrees with Adamchik's version of the facts.  CSI unequivocally denies it discriminated against Adamchik in any way.  Adamchik's disagreement with the facts CSI presented in its position statement certainly does not create an additional claim for retaliation.

If a cause of action is created by a plaintiff disagreeing with the facts in a position statement, no employer would ever participate in an investigation, because they would be accused of retaliation.   In addition, as with the retaliation for filing the unemployment compensation claim, if this cause of action is permitted to proceed, every employer who disputes an employee's claim of discrimination will be creating a new cause of action for retaliation.  Such an expansion of additional causes of action is not reflected anywhere in the ADA, and would completely destroy the EEOC's ability to investigate and to conciliate claims of discrimination.

Furthermore, as mentioned above, it is not possible to meet the retaliation standard when the adverse employment action precedes the protected activity.  Glanzman, 391 F.3d at 516.

Here, Admachik was terminated and then filed a claim with the EEOC, to which CSI responded, as it was required to do.  There is no injury in that no cause finding was issued.  Even if a cause finding was issued, Adamchik would still have the right to proceed with a lawsuit.  These allegations cannot constitute retaliation, and this claim, likewise, must be dismissed.

### III.   <u>CONCLUSION</u>

For the reasons set forth above, CSI respectfully requests that Plaintiff's claims for "Interference with Plaintiff's Unemployment Benefits" and "Interference with Plaintiff's administrative Remedies under the ADA" be dismissed with prejudice.

Respectfully submitted,

Dated:  November 24, 2010

*/s/ Shelly R. Pagac*
Thomas S. Giotto *(PA 39568)*
thomas.giotto@bipc.com
Shelly R. Pagac *(PA 63327)*
shelly.pagac@bipc.com

BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA  15219
Phone:  412-562-8800
Fax:  (412) 562-1041

*Attorneys for Defendant*