# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS ADAMCHIK, | ) |
| Plaintiff, | ) Civil Action No. 10-949 |
| v. | ) Magistrate Judge Bissoon[1] |
| COMPSERVICES, INC., | ) |
| Defendant. | ) |

## **ORDER**

For the reasons that follow, Defendant's Partial Motion to Dismiss (Doc. 9) will be granted in part, and denied in part without prejudice.

In this disability discrimination lawsuit, Defendant seeks dismissal of Plaintiff's claims of retaliation stemming from Defendant's having opposed his application for unemployment benefits, and its having "interfer[ed]" with Plaintiff's administrative proceedings before the EEOC. *See generally* Def.'s Br. (Doc. 10) at 1-2.

As to Plaintiff's allegations regarding Defendant's opposition to unemployment benefits, the cases cited by Defendant do not account for the Supreme Court's decision in Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53 (2006). *Compare* Def.'s Br. at 3-5 (citing pre-Burlington decisions holding that employer's opposition to unemployment benefits could not be adverse employment action because plaintiff's employment already was terminated) *with, e.g.*, Mohamed v. Sanofi-Aventis Pharm., 2009 WL 4975260, *23-24 (S.D.N.Y. Dec. 22, 2009) ("[i]n the wake of Burlington . . ., there is now a substantial question as to the validity of

---

[1] By consent of the parties, the undersigned sits as the District Judge in this case. *See* Consent forms (Docs. 14 & 15).

precedent holding that a post-termination [event] may not be an adverse employment [action]") (citations omitted).

After Burlington, there has been some disagreement among the courts regarding whether an employer's opposition to unemployment benefits properly may constitute an "adverse employment action" under the prevailing legal standards. *Compare, e.g.,* Petrunich v. Sun Bldg. Sys., Inc., 2006 WL 2788208, *8 (M.D. Pa. Sept. 26, 2006) ("under the standard articulated in [Burlington], the opposition to [a plaintiff's] claim for unemployment compensation benefits [may be] an adverse employment action because it [could] discourage a reasonable worker from filing [a] discrimination complaint") (citations omitted) and Grace v. Starwood Hotels & Resorts Worldwide, Inc., 2008 WL 437027 (W.D. Pa. Feb. 14, 2008) (holding same in reliance on Petrunich) *with* Koger v. Woody, 2010 WL 331759, *11 (E.D. Va. Jan. 26, 2010) (questioning whether employer's opposition to unemployment benefits may constitute adverse employment action under Burlington, despite court's previous denial of motion to dismiss regarding same issue in same case) and Yanke v. Mueller Die Cut Solutions, Inc., 2007 WL 437694, *9 (W.D.N.C. Feb. 5, 2007) ("[t]he [c]ourt does not consider an employer's lawful participation in an employee's . . . unemployment benefit proceedings as an 'adverse action' within the meaning of [Burlington], particularly where there is no evidence to suggest that the employer harbored a motive to subvert those proceedings in order to deprive the employee of any right under [an employment discrimination statute]").

Although the undersigned agrees with those decisions indicating that an employer's opposition to unemployment benefits, in and of itself, cannot properly constitute an adverse

2

employment action,[2] nearly all of the courts have resolved this issue after the plaintiff has enjoyed an opportunity to conduct discovery. *Compare* Koger v. Woody, 2009 WL 2762610, *4-5 (E.D. Va. Aug. 28, 2009) ("[g]iven the scope of retaliation claims that the Supreme Court articulated in Burlington . . ., [the p]laintiff has met her burden of pleading a retaliation claim sufficiently to survive a motion to dismiss," although parties remained free to revisit issue on summary judgment) *with* discussion *supra* (highlighting subsequent ruling in Koger, which questioned viability of unemployment compensation theory and granted summary judgment in favor of employer based on plaintiff's failure to satisfy causation element of retaliation); *see also, e.g.*, Petrunich, Grace *and* Yanke (all resolving issue, in defendants' favor, on summary judgment). Accordingly, Defendant's Motion to Dismiss regarding Plaintiff's unemployment compensation allegations is denied without prejudice.

Plaintiff's retaliation claims based on Defendant's "interference" with his EEOC proceedings, however, prove far too much. In essence, Plaintiff's pleadings establish that Defendant participated in, and defended, Plaintiff's charge of discrimination before the EEOC. *See* Am. Compl. (Doc. 4) at ¶¶ 113-28. Plaintiff's counsel have failed to identify any legal authority indicating that this conduct constitutes an adverse employment action under Burlington. Indeed, it is illogical to suggest that an employer's defense of an existing EEOC charge reasonably would "deter victims of discrimination from complaining to the EEOC."

---

[2] If the mere act of opposing unemployment benefits constitutes an "adverse employment action" under Burlington, then every employer who invokes its right to oppose such benefits may find itself the subject of a retaliation claim. Such a rule, if adopted, could have a chilling effect on employers' exercise of their legitimate rights to participate in unemployment compensation proceedings, and the Court highly doubts that Burlington envisioned, or would sanction, such a result. Although the undersigned presently concludes, faced with the legal precedent before the Court, that Defendant's challenge is better resolved on summary judgment, this Order should not be read to endorse the notion that an employer's legitimate invocation of its right to participate in unemployment benefits proceedings constitutes an "adverse employment action," as contemplated in Burlington or otherwise.

3

Burlington, 548 U.S. at 68 (citation to quoted source omitted). To the contrary, it would be entirely unreasonable for an employee to believe that his former employer must admit to a charge of discrimination before the EEOC, or otherwise face a prospective retaliation claim. In any event, Plaintiff "should have expected his employer to deny and defend the [EEOC] charge in some fashion,"[3] and Plaintiff's attempts to further extend Burlington are rejected.[4]

For all of the reasons stated above, Defendant's Motion to Dismiss (**Doc. 9**) is **GRANTED** regarding Plaintiff's claims that Defendant "interfered" with the EEOC proceedings, and the Motion is **DENIED WITHOUT PREJUDICE** regarding Plaintiff's claims as related to his application for unemployment compensation.

IT IS SO ORDERED.


December 9, 2010                                    s/Cathy Bissoon
                                                    Cathy Bissoon
                                                    United States Magistrate Judge

cc (via ECF email notification):

All Counsel of Record

---

[3] *See generally* Weigel v. J.W. Hicks, Inc., 2007 WL 2076033, *12 (N.D. Ind. Jul. 18, 2007).
[4] The Court's observations regarding Defendant's participation in the EEOC proceedings appear to apply with equal force to Defendant's opposition to Plaintiff's application for unemployment benefits. Should discovery fail to uncover extraordinary evidence or circumstances compelling a different conclusion, Plaintiff's unemployment compensation theory likely will be resigned to the same fate.